UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Joshua Adams,

      Plaintiff,

vs.

315 W 46 LLC, and
Kim & Wei Holding LLC,

      Defendants.

## **COMPLAINT**

Plaintiff, JOSHUA ADAMA (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, 315 W 46 LLC and KIM & WEI HOLDING LLC (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

## **JURISDICTION AND VENUE**

1.    This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

2.    All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the Subject Premises are located in the Southern District.

## PARTIES

3.      Plaintiff, JOSHUA ADAMS, is over the age of 18, *sui juris*, and a resident of Brooklyn, New York. Plaintiff was born with spina bifida and Hydrocephalus, and as a result is bound to ambulate in a wheelchair. As such, Plaintiff is qualified individual under the ADA.

4.      Defendant, 315 W 46 LLC, is a limited liability company which is authorized to and does transact business in the State of New York and within this judicial district. Defendant, 315 W 46 LLC, is the owner of the Subject Property located at 315 W 46th St Floor 1, New York, NY 10036 (hereinafter, the "Subject Premises").

5.      Defendant, KIM & WEI HOLDING LLC, is a limited liability company which is authorized to and does transact business in the State of New York and within this judicial district and is the owner/operator of the restaurant known as "Kyuramen" located at the Subject Premises.

6.      KYURAMEN is a restaurant offering Japanese dishes and ramen. The establishment provides a welcoming atmosphere, inviting guests to enjoy delicious food and relax. The menu features a variety of ramen and other soups as well as Japanese cuisine. The Plaintiff avers that he would enjoy visiting KYURAMEN as he appreciates the atmosphere, the Latin American and seafood cuisine, and the classy dining experience provided at the establishment; and fully intends on trying the Korean Kimchi Ramen and the Yinyang bowl. However, despite the Plaintiff's interest in patronizing the restaurant, significant accessibility barriers impede the Plaintiff's ability to fully and equally access and enjoy the goods and services offered at the Subject Premises, in violation of the ADA.

## FACTUAL ALLEGATIONS AND CLAIM

7.      Most recently on February 4, 2026, as well as during 2025, Plaintiff, in his individual capacity, visited the Subject Premises and personally encountered physical barriers to access, which compelled him to engage with those barriers, resulting in legal harm and injury. On such occasions, the Plaintiff's ability to partake in the services and goods at the Subject Property was constrained, hindered, and thwarted by certain structural barriers, to wit; an interceding set of descending concrete stairs, hindering any wheeled ambulation or safe entry, and thus prevented full and equal access and enjoyment to the public accommodation.

8.      Plaintiff approached the entrance to the Subject Premises and upon finding the descending staircase, he waited for approximately ten minutes before one of Defendant's employees finally noticed Plaintiff. However, upon Defendant's employee requesting how he could help him, the Plaintiff responded that he wished to enter the establishment in order to eat his desired Japanese dishes. However, the employee retorted that the Defendants were not in possession of any portable ramp, compelling Plaintiff to leave and thereon effectuating a policy based in access deterrence and civil rights discrimination.

9.      In a most unjust manner, the Plaintiff was left without recourse to enter into the public accommodation, this despite his intent to enter and purchase cuisine, Plaintiff was instead met with wanton discrimination at the public accommodation on multiple occasions.

10.     Plaintiff has visited the Subject Property which forms the basis of this lawsuit on multiple occasions, and was denied access to the restaurant by discriminatory barriers and a continued policy of deliberate indifference to such barriers that Defendants are fully aware are unlawful under Title III of the ADA. Therefore, Defendants knowingly and wantonly discriminate against Plaintiff and other similarly situated persons in their refusal to remediate

(for purposes of nondiscrimination on the basis of disability by public accommodations and in commercial facilities) to the minimum guidelines of the law, which are both feasible and readily achievable.

11.    Despite the fact that the Plaintiff lives but a few miles from Defendants' Facility, and passes by said restaurant usually multiple times per month, when he is conducting business matters, errands, or visiting family as well as friends throughout the boroughs, he has been unable to visit this public accommodation. Moreover, the Defendants' Facility is in a locale that Plaintiff dines out at one or two times every month.

12.    Foremost, Plaintiff has dined at, and in, nearly all of the neighboring restaurants surrounding the subject facility, that are all without architectural obstructions including but not limited to Dim Sum Palace, Yum Yum, and Vinny's Gluten Free Kitchen amongst several others; and thereon affirms that he would dine at the Defendant's restaurant and avail himself of the goods and services offered to the public were it not for the structural barriers inhibiting his ability to enter the subject facility, in direct contravention of Title III of the ADA and provisions under the ADAAG.

13.    Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

14.    KYURAMEN is a restaurant to which Plaintiff seeks full and equal access to dine, and to use the facilities. Plaintiff further avers that upon Defendants' compliance to remove barriers to access, he would visit the restaurant more than a half dozen times a year for lunches

and dinners; considering how appetizing and distinctive such unique dishes are, when traversing a neighborhood he frequents multiple times a month.

15.    More specifically, Plaintiff intends to eat out at, and try the diverse variety of Japanese and Korean cuisine, but particularly piquing his interest is the Korean Kimchi Ramen and the Yinyang bowl, each of which are quite unique around this New York neighborhood. The menu features a variety of indulgent offerings designed for on-site enjoyment, of which the Plaintiff has attempted to eat out at, but was denied due to Defendant's policy of segregation and deliberate indifference to those rights protected under Title III of the ADA.

16.    Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and he will continue to suffer harm due to the Defendants' failure to address the ADA violations described herein, resultant Defendant's policy of wilful indifference to the laws protecting the civil rights of Plaintiff and like situated persons through the greater New York metropolitan area.

17.    Most recently as February 4, 2026, as well as during 2025, Plaintiff attempted to access the Subject Premises but was unable to do so due to his disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted his access to the property and its accommodations.

18.    Plaintiff intends to return to the Subject Premises in the near future to utilize the goods, services, and accommodations offered. However, his ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

<u>**COUNT I**</u>
<u>**VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT**</u>
**(Against All Defendants)**

19.    Plaintiff restates Paragraphs 1-18 as though fully set forth herein.

20.    Defendants, 315 W 46 LLC and KIM & WEI HOLDING LLC, have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*., and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

21.    315 W 46 LLC, as the owner of the Subject Premises, is responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

22.    KIM & WEI HOLDING LLC, as the operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

23.    The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

INACCESSIBLE ENTRANCE.

ACCESSIBLE ROUTE TO ESTABLISHMENT NOT PROVIDED AS REQUIRED.

ACCESSIBLE MEANS OF EGRESS NOT PROVIDED AS REQUIRED.

EXISTING STEPS LEADING TO ENTRANCE ACT AS A BARRIER TO ACCESSIBILITY.

**ADAAG 206 Accessible Routes ADAAG 206.1 General.**

Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.

**ADAAG 206.2 Where Required.**

Accessible routes shall be provided where required by 206.2.

**ADAAG 206.2.1 Site Arrival Points.**

At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible building or facility entrance they serve.

### ADAAG 206.4 Entrances.

Entrances shall be provided in accordance with 206.4. Entrance doors, doorways, and gates shall comply with 404 and shall be on an accessible route complying with 402.

### ADAAG 207 Accessible Means of Egress ADAAG 207.1 General.

Means of egress shall comply with section 1003.2.13 of the International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition) (incorporated by reference, "Referenced Standards" in Chapter 1).

### ADAAG 402 Accessible Routes ADAAG 402.1 General.

Accessible routes shall comply with 402.

### ADAAG 402.2 Components.

Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.

NON-COMPLIANT EXISTING HANDRAILS AT STEPS LEADING TO ENTRANCE.

REQUIRED HANDRAIL EXTENSIONS NOT PROVIDED AT EXISTING HANDRAILS LEADING TO ENTRANCE.

### ADAAG 505.10 Handrail Extensions.

Handrail gripping surfaces shall extend beyond and in the same direction of stair flights and ramp runs in accordance with 505.10.

### ADAAG 505.10.2 Top Extension at Stairs.

At the top of a stair flight, handrails shall extend horizontally above the landing for 12 inches (305 mm) minimum beginning directly above the first riser nosing. Extensions shall return to a wall, guard, or the landing surface, or shall be continuous to the handrail of an adjacent stair flight.

### ADAAG 505.10.3 Bottom Extension at Stairs.

At the bottom of a stair flight, handrails shall extend at the slope of the stair flight for a horizontal distance at least equal to one tread depth beyond the last riser nosing. Extension shall return to a wall, guard, or the landing surface, or shall be continuous to the handrail of an adjacent stair flight.

INACCESSIBLE SERVICE COUNTER.

NON-COMPLIANT HEIGHT OF SERVICE COUNTER EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

**ADAAG227 Sales and Service ADAAG 227.1 General.**

Where provided, check-out aisles, sales counters, service counters, food service lines, queues, and waiting lines shall comply with 227 and 904.

**ADAAG 904.4 Sales and Service Counters.**

Sales counters and service counters shall comply with 904.4.1 or 904.4.2.

The accessible portion of the counter top shall extend the same depth as the sales or service counter top.

**ADAAG 904.4.1 Parallel Approach.**

A portion of the counter surface that is 36 inches (915 mm) long minimum and 36 inches (915 mm) high maximum above the finish floor shall be provided.

A clear floor or ground space complying with 305 shall be positioned for a parallel approach adjacent to the 36 inch (915 mm) minimum length of counter.

INACCESSIBLE DINING COUNTER.

NON-COMPLIANT HEIGHT OF DINING COUNTER EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

REQUIRED MINIMUM TOE CLEARANCE NOT PROVIDED AT DINING COUNTER.

PORTION OF DINING COUNTER REQUIRED TO BE ACCESSIBLE NOT PROVIDED.

**ADAAG 226 Dining Surfaces and Work Surfaces ADAAG 226.1 General.**

Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.

**ADAAG 902 Dining Surfaces and Work Surfaces ADAAG 902.1 General**.

Dining surfaces and work surfaces shall comply with 902.2 and 902.3.

**Advisory 902.1 General.**

Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.

**ADAAG 902.2 Clear Floor or Ground Space.**

A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.

**ADAAG 902.3 Height.**

The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground.

**ADAAG 306.2 Toe Clearance.**

**ADAAG 306.2.3 Minimum Required Depth.**

Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.

**ADAAG 306.2.5 Width**.

Toe clearance shall be 30 inches (760 mm) wide minimum.

INACCESSIBLE DINING TABLES.

REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT DINING TABLES.

A MINIMUM PERCENTAGE OF EXISTING DINING TABLES REQUIRED TO BE ACCESSIBLE NOT PROVIDED.

**ADAAG 226 Dining Surfaces and Work Surfaces ADAAG 226.1 General.**

Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.

**ADAAG 902 Dining Surfaces and Work Surfaces ADAAG 902.1 General.**

Dining surfaces and work surfaces shall comply with 902.2 and 902.3.

**ADAAG 902.2 Clear Floor or Ground Space.**

A clear floor space complying with 305 positioned for a forward approach shall be provided. Knee and toe clearance complying with 306 shall be provided.

**ADAAG 306.2 Toe Clearance.**

**ADAAG 306.2.3 Minimum Required Depth.**

Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall extend 17 inches (430 mm) minimum under the element.

**ADAAG 306.2.5 Width**.

Toe clearance shall be 30 inches (760 mm) wide minimum.

### ADAAG 306.3 Knee Clearance.

### ADAAG 306.3.3 Minimum Required Depth.

Where knee clearance is required under an element as part of a clear floor space, the knee clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep minimum at 27 inches (685 mm) above the finish floor or ground.

### ADAAG 306.3.5 Width.

Knee clearance shall be 30 inches (760 mm) wide minimum.

COMPLIANT SIGNAGE IDENTIFYING THE FIRST OF TWO RESTROOMS NOT PROVIDED AS REQUIRED.

### ADAAG 216 Signs

### ADAAG 216.1 General.

Signs shall be provided in accordance with 216 and shall comply with 703.

### ADAAG 216.2 Designations.

Interior and exterior signs identifying permanent rooms and spaces shall comply with 703.1, 703.2, and 703.5. Where pictograms are provided as designations of permanent interior rooms and spaces, the pictograms shall comply with 703.6 and shall have text descriptors complying with 703.2 and 703.5.

### Advisory 216.2 Designations.

Section 216.2 applies to signs that provide designations, labels, or names for interior rooms or spaces where the sign is not likely to change over time. Examples include interior signs labeling restrooms, room and floor numbers or letters, and room names. Tactile text descriptors are required for pictograms that are provided to label or identify a permanent room or space.

Pictograms that provide information about a room or space, such as "no smoking," occupant logos, and the International Symbol of Accessibility, are not required to have text descriptors.

### ADAAG 703.1 General.

Signs shall comply with 703. Where both visual and tactile characters are required, either one sign with both visual and tactile characters, or two separate signs, one with visual, and one with tactile characters, shall be provided.

### ADAAG 703.4.1 Height Above Finish Floor or Ground.

Tactile characters on signs shall be located 48 inches (1220 mm) minimum above the finish floor or ground surface, measured from the baseline of the lowest tactile character and 60 inches (1525 mm) maximum above the finish floor or ground surface, measured from the baseline of the highest tactile character.

**ADAAG 703.4.2 Location.**

Where a tactile sign is provided at a door, the sign shall be located alongside the door at the latch side.  Where a tactile sign is provided at double doors with one active leaf, the sign shall be located on the inactive leaf.  Where a tactile sign is provided at double doors with two active leafs, the sign shall be located to the right of the right hand door.  Where there is no wall space at the latch side of a single door or at the right side of double doors, signs shall be located on the nearest adjacent wall.  Signs containing tactile characters shall be located so that a clear floor space of 18 inches (455 mm) minimum by 18 inches (455 mm) minimum, centered on the tactile characters, is provided beyond the arc of any door swing between the closed position and 45 degree open position.

THE FIRST OF TWO RESTROOMS IS INACCESSIBLE.

REQUIRED MINIMUM CLEAR WIDTH NOT PROVIDED AT DOOR OF THE FIRST OF TWO RESTROOMS.

**ADAAG 206 Accessible Routes ADAAG 206.1 General.**

Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.

**ADAAG 402 Accessible Routes ADAAG 402.1 General.**

Accessible routes shall comply with 402.

**ADAAG 402.2 Components.**

Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts.  All components of an accessible route shall comply with the applicable requirements of Chapter 4.

**ADAAG 404.2.3 Clear Width.**

Door openings shall provide a clear width of 32 inches (815 mm) minimum. Clear openings of doorways with swinging doors shall be measured between the face of the door and the stop, with the door open 90 degrees.

REQUIRED MINIMUM MANEUVERING CLEARANCE NOT PROVIDED AT DOOR OF THE FIRST OF TWO RESTROOMS.

**ADAAG 206 Accessible Routes ADAAG 206.1 General.**

Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.

**ADAAG 402 Accessible Routes ADAAG 402.1 General.**

Accessible routes shall comply with 402.

**ADAAG 402.2 Components.**

Accessible routes shall consist of one or more of the following components: walking surfaces with a running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4.

**ADAAG 404.2.4 Maneuvering Clearances.**

Minimum maneuvering clearances at doors and gates shall comply with 404.2.4.

Maneuvering clearances shall extend the full width of the doorway and the required latch side or hinge side clearance.

NON-COMPLIANT DOOR SWING OF DOOR OF THE FIRST OF TWO RESTROOMS.

RESTROOM DOOR SWINGS INTO THE FLOOR SPACE OF FIXTURES IN THE FIRST OF TWO RESTROOMS.

**ADAAG 603 Toilet and Bathing Rooms ADAAG 603.1 General.**

Toilet and bathing rooms shall comply with 603.

**ADAAG 603.2.3 Door Swing.**

Doors shall not swing into the clear floor space or clearance required for any fixture.

NON-COMPLIANT DOOR LOCK AT DOOR OF THE FIRST OF TWO RESTROOMS REQUIRES PINCHING OF FINGERS.

**ADAAG 404 Doors, Doorways, and Gates ADAAG 404.1 General.**

Doors, doorways, and gates that are part of an accessible route shall comply with 404.

**ADAAG 404.2.7 Door and Gate Hardware.**

Handles, pulls, latches, locks, and other operable parts on doors and gates shall comply with 309.4

**ADAAG 309.4 Operation.**

Operable parts shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The force required to activate operable parts shall be 5 pounds maximum.

REQUIRED MINIMUM TURNING SPACE NOT PROVIDED IN THE FIRST OF TWO RESTROOMS.

**ADAAG 603 Toilet and Bathing Rooms**

**ADAAG 603.1 General.**

Toilet and bathing rooms shall comply with 603.

**ADAAG 603.2 Clearances**.

Clearances shall comply with 603.2.

12

### ADAAG 603.2.1 Turning Space.

Turning space complying with 304 shall be provided within the room.

### ADAAG 304.3.1 Circular Space.

The turning space shall be a space of 60 inches (1525 mm) diameter minimum.

The space shall be permitted to include knee and toe clearance complying with 306.

INACCESSIBLE WATER CLOSET IN THE FIRST OF TWO RESTROOMS.

REQUIRED MINIMUM CLEARANCE NOT PROVIDED AT WATER CLOSET IN THE FIRST OF TWO RESTROOMS.

### ADAAG 604 Water Closets and Toilet Compartments

### ADAAG 604.3 Clearance.

Clearances around water closets and in toilet compartments shall comply with 604.3.

### ADAAG 604.3.1 Size.

Clearance around a water closet shall be 60 inches (1525 mm) minimum measured perpendicular from the side

REQUIRED GRAB BARS NOT PROVIDED ON REAR AND SIDE WALLS OF WATER CLOSET IN THE FIRST OF TWO RESTROOMS.

### ADAAG 604 Water Closets and Toilet Compartments

### ADAAG 604.5 Grab Bars.

Grab bars for water closets shall comply with 609.

Grab bars shall be provided on the side wall closest to the water closet and on the rear wall.

NON-COMPLIANT DISTANCE OF WATER CLOSET FROM SIDE WALL IN THE FIRST OF TWO RESTROOMS.

### ADAAG 604 Water Closets and Toilet Compartments.

### ADAAG 604.2 Location.

The water closet shall be positioned with a wall or partition to the rear and to one side.

The centerline of the water closet shall be 16 inches minimum to 18 inches maximum from the side wall or partition.

INSULATION OF PIPES AND WATER LINES UNDER THE LAVATORY IN THE FIRST OF TWO RESTROOMS NOT PROVIDED AS REQUIRED.

### ADAAG 606 Lavatories and Sinks.

**ADAAG 606.5 Exposed Pipes and Surfaces**.

Water supply and drain pipes under lavatories and sinks shall be insulated or otherwise configured to protect against contact. There shall be no sharp or abrasive surfaces under lavatories and sinks.

INACCESSIBLE MIRROR IN THE FIRST OF TWO RESTROOMS.

NON-COMPLIANT MOUNTED HEIGHT OF MIRROR IN THE FIRST OF TWO RESTROOMS EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

**ADAAG 603.3 Mirrors.**

Mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finish floor or ground. Mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finish floor or ground.

NON-COMPLIANT DOOR SWING OF DOOR OF THE SECOND OF TWO RESTROOMS.

RESTROOM DOOR SWINGS INTO THE FLOOR SPACE OF FIXTURES IN THE SECOND OF TWO RESTROOMS.

**ADAAG 603 Toilet and Bathing Rooms ADAAG 603.1 General.**

Toilet and bathing rooms shall comply with 603.

**ADAAG 603.2.3 Door Swing.**

Doors shall not swing into the clear floor space or clearance required for any fixture.

NON-COMPLIANT DOOR LOCK AT DOOR OF THE SECOND OF TWO RESTROOMS REQUIRES PINCHING OF FINGERS.

**ADAAG 404 Doors, Doorways, and Gates ADAAG 404.1 General.**

Doors, doorways, and gates that are part of an accessible route shall comply with 404.

**ADAAG 404.2.7 Door and Gate Hardware.**

Handles, pulls, latches, locks, and other operable parts on doors and gates shall comply with 309.4

**ADAAG 309.4 Operation.**

Operable parts shall be operable with one hand and shall not require tight grasping, pinching, or twisting of the wrist. The force required to activate operable parts shall be 5 pounds maximum.

INACCESSIBLE TOILET PAPER DISPENSER IN THE SECOND OF TWO RESTROOMS.

NON-COMPLIANT POSITION OF TOILET PAPER DISPENSER FROM WATER CLOSET.

### ADAAG 604 Water Closets and Toilet Compartments.

### ADAAG 604.7 Dispensers.

Toilet paper dispensers shall comply with 309.4 and shall be 7 inches (180 mm) minimum and

9 inches (230 mm) maximum in front of the water closet measured to the centerline of the dispenser.

INACCESSIBLE MIRROR IN THE SECOND OF TWO RESTROOMS.

NON-COMPLIANT MOUNTED HEIGHT OF MIRROR IN THE SECOND OF TWO RESTROOMS EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

### ADAAG 603.3 Mirrors.

Mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches (1015 mm) maximum above the finish floor or ground. Mirrors not located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 35 inches (890 mm) maximum above the finish floor or ground.

24.     Plaintiff has attempted to access the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to his disability. The physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until Defendants are compelled to remove these barriers and comply with the ADA.

25.     In addition to his personal interest in accessing the Subject Premises free of illegal barriers, Plaintiff is an advocate for the rights of individuals with disabilities and serves as a "tester" to ensure public accommodations comply with the ADA. Plaintiff has visited the Premises in his capacity as a tester, encountered barriers to access, engaged with those barriers, and suffered harm as a result. Plaintiff intends to return regularly to verify the Premises' compliance with the ADA and to confirm any modifications are properly maintained. Plaintiff

believes that these violations will not be corrected without Court intervention, which will result in continued harm.

26.     Plaintiff, in his capacity as a tester, will return to the Premises once Defendants make the necessary modifications to ensure accessibility for individuals with physical disabilities. Plaintiff will verify compliance with the ADA and confirm that all modifications are complete.

27.     The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

28.     Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

## **RELIEF SOUGHT**

29.     Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

30.     Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

31.     Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Respectfully submitted,

BARDUCCI LAW FIRM, PLLC
5 West 19th Street, 10th Floor
New York, NY 10011
(212) 433-2554

By:  /s/ Maria-Costanza Barducci
Maria-Costanza Barducci, Esq.
*Attorney for Plaintiff*
Bar No. 5070487
MC@BarducciLaw.com